THOMSON v. BROWN.

TWO CASES.

1. AN EXCEPTION based on a fact not stated in the "Case" will not be
considered.

2. MASTER—JURISDICTION.—The master in Spartanburg County has jurisdiction in causes commenced in that county by a citizen of York County against citizens of Spartanburg County and York County.

3. IBID.—INJUNCTION.—A master in passing on the merits of a cause, will not thereby *review* a temporary injunction previously made therein.

4. EXCEPTIONS dismissed because not based on questions before Judge below.

Before TOWNSEND, J., Spartanburg, February, 1896. Affirmed.

Two actions, Jessie M. Thomson against C. P. Brown and E. A. Brown, administrators of J. J. Brown, and John M. Nicholls, sheriff of Spartanburg, and the same against C. P. Brown and E. A. Brown, administrators of J. J. Brown, and E. A. Crawford, sheriff of York County.

The order appealed from is as follows:

The above two causes came on to be heard on a report of the master in each case, and the plaintiff's exceptions thereto. The causes by consent were to be heard together, and it appears from the papers in the case that whilst there has been no formal order for consolidation, that the cases involve the same issues, and they have for some time been treated and considered as one cause. When the cases were called, the plaintiff's attorney objected to the hearing upon three grounds: 1. That the rights of minors who were not parties to the action were involved. 2. That the hearing should be postponed until the termination of the suit in Union County between this plaintiff and one Glenn D. Peake, both of which grounds were without merit, and overruled. 3. The third ground, raising a question of jurisdiction, the plaintiff contending that the restraining order herein, signed by Judge Izlar, March 8, 1890, was a perpetual injunction, unappealed from. The order above referred to was the first order in the case signed by Judge Izlar, and it was made on the *ex parte* application of the plaintiff, and was simply an order restraining the defendants from levying and selling under the execution mentioned in the complaint, until the

final hearing in these causes or until the further order of the Court, and I so hold. After the objections to the hearing had been overruled, and the hearing was about to proceed, it was discovered that the report and testimony in one of the cases was not in the record. These papers could not be found, and the plaintiff moves to recommit for additional testimony. As stated before, the cases in the past have been treated as one, and I would not, therefore, render a final judgment in the absence of any paper in either case, and for that reason think it better to recommit.

It is ordered, that the cases be consolidated, and that they stand for trial as one case. It is further ordered, that the cases be recommitted for further evidence, and that it be and hereby is referred to L. R. Hill, master of Spartanburg County, to take further testimony and report the same, together with his conclusions thereon, with all convenient speed to this Court. It is further ordered, that either party thereto have leave to except to the master's report.

From the foregoing order, the plaintiff appealed, alleging that his Honor erred: 1. In holding that he was qualified to preside on the hearing of the within causes, after having been counsel in the case of Thomson v. Peake, which is involved in the causes at bar. 2. In rendering an order which omitted to respond to the jurisdictional objections urged by the plaintiff, which said objections, as addressed to his Honor on the call of said causes, were as follows, to wit: (a) That his Honor was without jurisdiction to hear said case at bar, because involved therein is the case of Thomson v. Peake, wherein his Honor had been counsel. (b) That the master's report herein is a nullity, for that the order of reference was granted without jurisdiction, and for that the master could not review the unappealed order of the Circuit Court rendered years ago, for that the master for Spartanburg is without jurisdiction of the persons of the plaintiff residing in another county, and of the sheriff of another county. (c) That the plaintiff and her minor

children were the joint owners of the undivided trust lands
in litigation, and a full hearing challenged the favor of
equity, to avoid multiplicity of suits, and that the minors
were necessary parties, and their right to partition paramount
to that of the defendants' execution, and the collateral ad-
judication of the validity of satisfaction of said execution
as herein sought was legally wrong, as well as the invok-
ing of equity before defendants exhausted their legal reme-
dies.    3. In not holding that the order of reference was a
nullity, and dismissing the master's report as void.    4. In
not holding that the master had jurisdiction of the persons
of E. A. Crawford, sheriff of York County, and of plaintiff,
also a resident of York County, and dismissing his report.
5. In not holding that the master was without jurisdiction
to review Judge Izlar's injunction orders, and dismissing
said report as a nullity.    6. In not holding that the master
was without jurisdiction to collaterally adjudicate the va-
lidity of the satisfaction of the within execution, and dis-
missing said report as void.    .7. In not holding that the
unappealed injunction orders herein of Judge Izlar were of
force and binding until the fulfillment of the terms and
conditions in said injunction orders expressed and declared.
8. In not holding that the master for Spartanburg is with-
out jurisdiction to review the said orders of Judge Izlar
until the fulfillment of the terms and conditions in said
orders expressed and declared, and that, of consequence, his
Honor is without jurisdiction to refer said cases to said
master.

*Mr. W. W. Thompson,* for appellant, cites: *Disqualifying
interest:* Con., art. 4, sec. 6; 17 S. C., 446; 19 Conn, 585;
17 Barb., 414. · *Jurisdiction:* Code, 147; 26 S. C., 70; 28
S. C., 313; 22 S. C., 278. *Order not subject to review:*
32 S. C., 252; 24 S. C., 555; 23 S. C., 146, 257; 25 S. C.,
74; 2 Hill Ch., 259. *Injunction order enjoined partition:*
8 Rich., 377; 14 S. C., 454; 13 Rich. Eq., 319; 26 S. C.,
391; 32 S. C., 452. *Exception 3:* 31 S. C., 313. *Ex. 4:*

23—48

Code, 147, sub. 1; 26 S. C., 70.  *Ex. 5:*  24 S. C., 88; 34
S. C., 169.  *Ex. 6:*  19 S. C., 544; 3 McC., 560.  *Ex. 7, 8:*
31 S. C., 320; 32 S. C., 55, 252.

*Mr. R. L. Carson,* contra, printed no argument.

Feb. 26, 1897.  The opinion of the Court was delivered by

MR. JUSTICE POPE.  These two actions came on for trial
before his Honor, D. A. Townsend, at the February term
of the Court of Common Pleas for Spartanburg County, on
the report of a special referee and exceptions thereto.  The
decretal order of Judge Townsend and the exceptions will
be reported.

It seems that an execution of a judgment for $347 and
interest and costs obtained by defendant's intestate against
the plaintiff, in the Court of Common Pleas for Spartan-
burg County, had been issued in that county, and after-
wards transcripted to York County, by consent of parties,
and while in York County the defendant, E. A. Crawford,
as sheriff of the last named county, had levied upon some
personal property alleged to be the property of the plaintiff
in these two actions; but such sheriff discovering that such
personal property was not the property of the plaintiff, Mrs.
Thomson, did not sell the same, but was about to levy
upon the real property of Mrs. Thomson, known as the
"Beauty Spot" plantation, when Mrs. Thomson interposed
the second above named action against the defendants
thereto (including such sheriff, Crawford).  That then the
defendants, Brown, as administrators of Brown, deceased,
ordered Sheriff Nichols, of Spartanburg, to make their
money out of lands or other property of Mrs. Thomson in
Spartanburg County.  Thereupon the first named suit was
instituted.  The object of both actions was to restrain the
sheriff of Spartanburg and the sheriff of York counties, re-
spectively, from enforcing the executions in their hands
until the plaintiff, Mrs. Thomson, could have settled by the
Court her rights in the property in each county.  Judge

Izlar granted a temporary injunction, to continue of force until the two above entitled actions could be heard on their merits. An order of reference was made in each case to take the testimony and report upon the issues. When Judge Townsend came on to hear the cases, he found that, although the parties had consented that the same should be heard together, no order for the consolidation had been made. This he ordered. But after that it was discovered that the record was not complete, by reason of the absence of the testimony and report in one of the cases. Hence he ordered the two cases, thus consolidated, to be recommitted to L. R. Hill, Esq., as master, giving to each party the right to except to the report. And now appellant excepts to this decretal order of Judge Townsend, on eight grounds.

The first two exceptions raise the question of the power of his Honor, the Circuit Judge, to take any steps in the two cases at bar, because he had been of counsel while at the bar in the case of Thomson *v.* Peak *et al.* The "Case" not only absolutely fails to show any such fact as that the Judge (Judge Townsend) ever had any connection as counsel with the case of Peak *ads.* Thomson, but also that that cause has any connection with the two cases at bar. They must, therefore, be overruled.

The next exception seems to point out the difficulty of the master for Spartanburg County having jurisdiction to hear causes in which Mrs. Jessie M. Thomson is plaintiff and E. A. Crawford, as sheriff of York County, is defendant, on the sole ground that they each reside in York County, although such causes are pending in the Court of Common Pleas for Spartanburg County, and in which they have each pleaded. To state this proposition is to refute it. Mrs. Thomson cannot obtain an injunction in a cause in Spartanburg County which she has commenced, and then claim that the Court of Common Pleas for Spartanburg County has no jurisdiction of her, on the ground that she now lives in York County. Nor can

any difficulty exist as to defendant, Crawford, who, by the way, makes no objection to the jurisdiction. If Mr. Crawford had been the sole defendant, possibly some jurisdictional difficulty might have been created; but he is only one of the defendants to the cause, and the other *two defendants* are residents of Spartanburg County. See sec. 146 of our Code.

The next exception seems to take it for granted that the master will review Judge Izlar's order for temporary injunction, but such is not the case. Everybody is respecting that temporary injunction. All that is sought is that plaintiff's two causes of action shall be heard on their merits. If a decree shall upset plaintiff's causes of action, of course the temporary injunction will be upset.

The next exception complains that the minor children are not made parties. Well, no application has been made by the plaintiff to make them parties, and certainly she prevented Judge Townsend from hearing enough of the case to know whether these children should be made parties. She can, therefore, have no ground to complain of Judge Townsend in this regard.

The next exception, stating, as it does, that she and her minor children being the joint owners of undivided trust lands in litigation, &c., is utterly without foundation, so far as Judge Townsend's order appealed from is concerned. He did not pretend to hear the controversy on its merits, and could not do so. All that he did was to recommit to the master.

The next exception says the Circuit Judge erred in not holding that the order of reference was a nullity, and dismissing the master's report as void. This exception cannot be sustained, for the simple reason, as before stated, the Circuit Judge could not consider the merits of the causes in the absence of the very papers (the testimony and report thereon) themselves.

The other exceptions have all been considered in what we have before stated.

All the grounds of appeal are dismissed, and in order that there shall be no further delay in these matters, we will order the clerk of this Court to send the remittiturs down without delay.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.